UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

FRANCISCO ANDRICKSON PENA,

Defendant.

18-Cr-858 (SHS)

MEMORANDUM ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Defendant Francisco Pena brings this motion for a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot., ECF No. 59.) Because Pena has not demonstrated "extraordinary and compelling reasons" warranting early release, 18 U.S.C. § 3582(c)(1)(A)(i), and because a reduction would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a), defendant's motion is denied.

On June 20, 2019, Pena pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846. U.S. Drug Enforcement Agency ("DEA") agents had arrested Pena on August 1, 2018, after he and a co-conspirator attempted to sell approximately one kilogram of heroin and two kilograms of fentanyl to a confidential DEA source. (Presentence Investigation Report ("PSR") ¶¶ 15-16.) Later that day, law enforcement officers obtained a search warrant for an apartment connected to Pena and his co-conspirator, where they recovered another 12 kilograms of narcotics. (PSR ¶¶ 17-18.) In October 2019, this Court sentenced Pena to 84 months' incarceration, a substantial downward variance from his Sentencing Guidelines range of 151-188 months. (*See* Sentencing Tr. at 19:10-18, ECF No. 55.)

On May 20, 2021, Pena filed a motion for compassionate release with this Court. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), carves out a "limited exception[]" to the general rule that a district court may not modify a final sentence of imprisonment. *United States v. Hope*, No. 15-Cr-888 (SHS), 2020 WL 4742875, at *2 (S.D.N.Y. June 2, 2020); *see Freeman v. United States*, 564 U.S. 522, 526 (2011). Only after a defendant demonstrates both that "extraordinary and compelling reasons warrant" a sentence reduction, 18 U.S.C. § 3582(c)(1)(A)(i), and that a reduction is consistent with

the factors set forth in 18 U.S.C. § 3553(a), may this Court grant a motion for compassionate release. Pena has made neither showing.

Pena argues that the threat posed to him by the COVID-19 pandemic constitutes an extraordinary and compelling reason meriting release. (Def.'s Mot. at 10.) But "the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release." *United States v. Nwankwo*, No. 12-Cr-31 (VM), 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020). Defendant points to his asthma as a particularized circumstance warranting such a finding. (Def.'s Mot. at 8.) It is true that moderate-to-severe asthma may put individuals at higher risk for serious illness from COVID-19. *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021). However, with the now-widespread availability of vaccinations in federal prisons, the pandemic-related risks posed to inmates have dropped substantially. For example, FCI Pollock, where Pena is incarcerated, currently lists zero active inmate cases of COVID-19. *See COVID-19: Coronavirus*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last updated June 4, 2021). Indeed, only two federal prisons currently list more than four active inmate cases, with the vast majority reporting none. *Id.* Accordingly, the Court does not find that Pena's asthma amounts to an "extraordinary and compelling reason" meriting release.

Additionally, the section 3553(a) factors weigh against a sentence reduction here. The "nature and circumstances of the offense" are serious. Pena was arrested attempting to sell large quantities of heroin and fentanyl, two of the most dangerous and deadly drugs infiltrating American communities. (*See* Sentencing Tr. at 19:15 (describing fentanyl as a "killer").) Moreover, this was defendant's second conviction for trafficking in kilogram quantities of heroin. Indeed, Pena was removed from the United States pursuant to his first conviction, after which he returned unlawfully to New York to continue selling illegal narcotics. (PSR ¶ 35.) Nonetheless, the Court sentenced Pena to 84 months' incarceration, a downward variance of over five years from his Sentencing Guidelines range of 151-188 months. To date, Pena has completed approximately 31 months—less than 40 percent—of this sentence. The Court finds that granting Pena a sentence reduction would fail to "reflect the seriousness of the offense," provide "just punishment," or "afford adequate deterrence." 18 U.S.C. § 3553(a)(2)(A)-(B).

Because no "extraordinary and compelling reasons" exist warranting a sentence reduction, and because the factors set forth in 18 U.S.C. § 3553(a) do not support early release, Pena's motion is denied. The Clerk of Court shall mail a copy of this Order to Mr. Francisco Andrickson Pena [76203-054], FCI Pollock, Federal Correctional Institution, P.O. Box 4050, Pollock, LA 71467, and note the mailing on ECF.

Dated: New York, New York
      June 9, 2021

SO ORDERED:

*[signature]*

Sidney H. Stein, U.S.D.J.